IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY NOWLES,[1] | § | |
| | § | No. 375, 2020 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN13-04054 |
| HOWARD COWAN, | § | Petition No. 19-23401 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2021
Decided: December 22, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the opening briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated October 8, 2020. The appellee filed a petition in the Family Court seeking modification of a previous order governing custody of the parties' child, which had been determined in January 2014 after a full hearing on the merits and modified in September 2016 with the agreement of both parties. The Family Court appropriately considered the factors set forth in 13 *Del. C.* § 729(c)(2), including weighing the best interest factors in light of the evidence presented. The

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

Family Court acted within its broad discretion when concluding that the parties would have joint legal custody and the child's primary residence would be with the appellant and in determining the visitation schedule.[2] Moreover, the Family Court's order is consistent with the custody and visitation arrangement that the appellant requested during the hearing, and the appellant therefore waived her current challenge to the Family Court's order.[3] To the extent that the appellant argues that she should be awarded sole custody based on events that have occurred since the Family Court entered the order that is the subject of the appeal, that claim must be presented to the Family Court in the first instance.[4]

---

[2] *See Russell v. Stevens*, 2007 WL 3215667, at *2 (Del. Nov. 1, 2007) (affirming Family Court's determination of primary residential placement of child, and stating that when the Family Court appropriately considers and weighs each of the best interest factors, the "law vests wide discretion in the trial court to determine where custody shall be placed"); *Vilda v. Vilda*, 1992 WL 397462, at *3 (Del. Nov. 13, 1992) ("The crafting of a visitation schedule is a matter within the Family Court's discretion.").

[3] *See Ogden v. Collins*, 2010 WL 4816059, at *6 (Del. Nov. 29, 2010) (holding that appellant waived claim that a social report that she submitted to the Family Court was deficient, because she failed to raise the claim before the Family Court in the first instance).

[4] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice